IN the United States District Court
Eastern District of Wisconsin

Deshaun Staten
   Plaintiff                        Case No: _____
       v.
Lucinda Buchanan
Dr. O'Brien
Justine Ribault
Gareth Fitzpatrick
       Defendants

1. Plaintiff Deshaun Staten is an prisoner at Green bay correctional Institution (G.B.C.I) P.O. Box 19033 Green bay, WI 54307

2. Defendants
   Lucinda Buchanan is an Health Service Supervisor at Columbia correctional Institution

3. DR. O'brien is a Doctor at Columbia correctional Institution.

4. Justine Ribault is an Doctor at Columbia Correctional Institution.

5. Gareth Fitzpatrick is an assist health service supervisor at Columbia correctional Institution

[illegible line] is a unit [illegible], Complaint Examiner [illegible]
complaints Examiner office [illegible].

## Statement

Deshaun Staten bring this suit pursuant to 42 U.S.C. 1983, 42 U.S.C. 121.02(1) Title II of the American with Disabilities act, section 504 of the Rehabilitation Act of 1973 & 29 U.S.C. 794(A), 28 C.F.R. 541.41 (Not being able to put a Disable person beyond 10 days without a Doctor order) Wisconsin status 895.045 Negligence, Wisconsin statue 893.55 Malpractive united states Constitution 8th Amendment Deliberatey Indifference to my Serious Mental health needs, cruval and unusual punishment, denying of Mental health programming, United States Constitution First Amendment violation of Retaliation, Department of corrections policy Violations 311: Observation Logs, Department of Adult institution Violations #500.30.16 segregated inmate Health care, #500.30.18 Nursing protocol, #500.30.23 Restriction to Reduce Risk, Breeching a mandatory Duty to

protect using Corporal Punishment, Deliberately causing mental & Emotional Distress, Depression, lots of Anxiety and wrongful Classification of my mental health to Reduce mental health treatment and programming Plaintiff was deprived these rights secured by the constitution and state Laws of the united states, and Plaintiff was Deprived of his rights to the united states constitution visited upon him by persons operating under the color of state Law.

Plaintiff has taken on that advisement and alleges that; he Suffers from several objective serious mental health conditions Such as severe depression, schizophrenia, ADHD, PTSD, and academic dysfunction impulse behavior.

These objective mental health conditions often become so overwhelming for the Plaintiff, which leads your plaintiff into Clinical observation do to several suicide attempts.

Your Plaintiff Suicide attempts ranges from Starvation a history of overdosing, and practically any measure to expeidite his Success in Suicide.

The Eighth Amendment pro scribe's cruel and unusual punishment. U.S. Const., Amend. IIX. The Supreme Court held almost thirty years ago that prison officials's deliberate indifference to the serious medical needs of inmates constitutes cruel and unusual punishment within the meaning of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This is True," the court held, "whether the indifference is manifested by prison doctors in their response to the

prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05 (Footnotes omitted). This rule follows from the fact that because they are confined in prisons, inmates are unable to seek medical care on their own and are therefore dependent on those who run the prison.

An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical torture or a lingering death,.... the evils of most immediate concern to the drafters of the Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve and penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.

As already discussed, Plaintiff's contention is not only persuasive but supported by the Court of Appeals for the Seventh Circuit's decision in Gil v. Reed, 381 F.3d 649, 662 (7th Cir. 2004) physician assistant's failure to give inmate prescribed medication in conjunction with assistant angry tone and hanging up on guard asking about inmate's medication created genuine issue of material fact about

Whether assistant acted with deliberate indifferences.

Defendanter Lucinda buchanan on June 2020 While the Plaintiff was on unit 7 denied plaintiff's medical treatment for plaintiff back pain and pain in his wrist & heel to the feet that cause Plaintiff's Extreme chronic pain every Day but defendants didn't care, because and inmate complaint Number CCI-2020-11673 clearly show that defendants had the knowledged that plaintiff was going throught very Extreme Chronic pain for months since at Columbia correction but begin at Wisconsin Seruce program facility for years Defendants Buchanan violated plaintiff Constitution rights under the First Amendment Retaliation on plaintiff by saying she dont like inmates that assault staff members so that why you Mr. Staten is not geting medical treatment at (CCI) that was said August 2020 right after plaintiff's reture from a Out ground medical Eye appoinment, these also a Negligence, 8th Amendment Deliberatey indifference & creual and unusual punishment, pain in suffering for months in plaintiff's still haven't got any medical treatment for any of this issue. Defendants all know about plaintiff had seriously problems because plaintiff's had E-ray, in other medical Records too show that defendants know about theses matters but didn't care.

Defendant Gareth fitzpatrict on May 2020 while on unit 7 defendants denied Plaintiff medical treatment for

months making Plaintiff's go through pain and suffering very Extreme chronic pain with No medicals for these matters even after medical Records shows that Plaintiff have problems with Lower back pain, left wrist pain, & left heel to the feet defenders still didn't care about Plaintiff's issues making this a Constitution rights violate under the 8th Amendment, Negligence, Deliberatev indifference, creual and unusual punishment, Malpractive, and still to this very day Plaintiff still being denied medical treatment so now Plaintiff is suiting all defenders. Defender Fitzpatrick still didn't do anything after plaintiff's wrote a inmate complaint in inmate complaint Appeal it show that none of the defendants didn't care about plaintiff medical problems at all the Recode show it.

Defendants Dr. O'brien on June 2020 while plaintiff was on unit 7 know that plaintiff's had seriously problems to the left write, Lower back & Extreme chronic pain too the left heel that and the plaintiff recodes. Now this action is a Constitution rights violate of the plaintiff's 8th Amendment, Crueal and unusual punishment, Deliberatev indifference Negligence & malpractive because defender Dr. O'brien is the one "stated this are the right shoes for your feet OR heel in saying you Mr. Staten need more than lidocain and diclofenac for the pain that wisconsin seruce program facility had gave to plaintiff's And 2019, Plaintiff never got physical therapy after Dr. O'brien made the order

6 OF 8

Case 2:21-cv-00529-WED   Filed 04/26/21   Page 6 of 11   Document 1

for physical therapy but plaintiff never was allowed to go why Plaintiff dont know!

Defendants Justine Ribault on July 2020 while Plaintiff was on unit 7 defender Ribault seen plaintiff on housing unit 7 because Plaintiff's wrote a Health service request about Extreme chronic pain to the feet in wrist & back defender Ribault said if Dr. O'brien said you need some better medical shoe's than he will go with Dr. O'brien decision because she is a good Doctor, but Dr. ribault did do anything about plaintiff medical problem making this a Constitution rights violate under the 8th Amendment Crural and unusual punishment, deliberatev indifference Malpractive & Negligence defendants Ribault had the knowledged of the plaintiff's medical care problems but didn't drake any action, now the courts need too keep in mind that Dr. ribault in Plaintiff always had issues with else other and wisconsin service program facility it's clearly showing the Retaliation never stop Even at the plaintiff new prison.

## Relief of requested

1.) I ask to be able to Amend this complaint.

2.) I ask to supplement this complaint.

7 OF 8

Case 2:21-cv-00529-WED   Filed 04/26/21   Page 7 of 11   Document 1

3.) I ask for injunctive Relief as follows:

   (A.) Be sent to a chronic Doctor and UW Madison hospital for x-ray, MRI, CT Scan in treatment.

   (B.) A outside shoe venue Restriction as long as Plaintiff have heels problems

4.) All State Laws punitive & Compensatory Damages be paid by Garnishment of the wages of the defendants pursuant to Wisconsin statue 812.35(1A)(3A), 812.42 titled commencement of action, plaintiff is asking that each individual defendants a total of $75,000.00 be Garnished of Each defendants pay check who's Found Liable.

Each of the defendants $35,000.00 for punitive damage in compensatory damages.

Signed on April 25, 2021

Deshaun Stater
Deshaun Stater #490339
Green bay correctional Institution
P.O. Box 19033
Green bay, WI 54307

IN the United States District Court
Eastern District of Wisconsin

Deshawn Staten
   Plaintiff                              Case No: _____
      v.
Lucinda Buchanan Et.al.
   Defendants,

### Jurisdiction change of venue

This is a civil action authorized by 42 U.S.C. Section 1983 to Redress the deprivation, under color of state Law, of the rights secured by the constitution of the U.S. The courts has Jurisdiction under 28 U.S.C. section 1331 and 1343 (A) 3) Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202 plaintiff's claims for injunctive Relief are authorized by 28 U.S.C. section 2283 and 2284 and Rule 65 of the Federal Rules of civil procedures the Eastern/Western District of Wisconsin) is an appropiate Venue under 28 U.S.C. Section 1391(B)(2) because it is where the events giving rise to the claim occured

Plaintiff Deshawn Staten is and was at all times mentioned herein a prisoner of Wisconsin Department of correctional in the custody of Wisconsin D.O.C. he is currently confined in Green bay correctional Institution,

1 OF 3

Case 2:21-cv-00529-WED   Filed 04/26/21   Page 9 of 11   Document 1

All Defendants Lucinda Buchanan Et all), were employees of Wisconsin Columbia Correctional Institution) they held the rank of Employees at all time mentioned in complaint and was assigned to Columbia Correctional Institution.

Each defendants is sued individually and in official capacity. At all time each employee acted under color of state Law.

Exhaustion of Legal Remedies:
Complaints: CCI-2020-11693, CCI-2020-3548, CCI-2020-16249 & CCI-2020-15252.

Defendants violated Plaintiff's 8th Amendment rights causing pain & suffering and injury by not acting.

Defendants were Deliberatary indifference by knowing plaintiff suffered more injury to left heel, and defendants failing too treat injuies causing Exetreme Chronic Pain and Suffering.

Wherefore, Plaintiff's respectfully pray that this Court enter Judgement.

1.) I ask to be able to Amend this complaint.

2.) I ask supplement this complaint.

3.) I ask for injunctive Relief as Follows:

(A.) Be Placed and General Population.

4.) All state Law punitive & compensatory Damages be paid by Garnishment of the wages of the defendants Pursuant to wisconsin statue 812.42, 812.35 (1A)(3A) titled Commencement of action. Plaintiff is asking that each individual defendants who's Found Liable For a any (constitutional) state Law violations a total of $150,000.00 be Garnished of Each defendants check Who's Found Liable.

## Verification

Pursuant to U.S.C. § 1746 I Declare under penalty of perjury the foregoing is true & correct.

Signed this on 25th day of April 2021

*Deshawn Staten*
Deshaun Staten #490339
Green bay Correctional Institution
P.O. Box 19033
Green bay, WI, 54307

3 OF 3