UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DESHAUN STATEN,

        **Plaintiff,**

v.                                    Case No. 21-CV-529

LUCINDA BUCHANAN,
GARETH FITZPATRICK,
DR. O'BRIEN, and
DR. JUSTINE RIBAULT,

        **Defendants.**

---

## ORDER

---

Plaintiff Deshaun Staten, who is incarcerated at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) This order resolves Staten's motion for leave to proceed without prepaying the filing fee (ECF No. 9), two motions to commence screening (ECF Nos. 15, 16), and screens his complaint.

The court has jurisdiction to screen the complaint in light of Staten's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1.  **Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Staten was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 24, 2021, the court ordered that Staten shall pay $0.93 as an initial partial filing fee by June 24, 2021. (ECF No. 13.) Staten paid the fee on June 29, 2021. The court will grant Staten's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

2.  **Screening of the Complaint**

    *2.1 Preliminary Matters*

Staten filed two motions for the court to commence screening. (ECF Nos. 15, 16.) As the court has previously explained to Staten, motions of this type are unnecessary and unproductive. The court has not been dilatory in screening Staten's complaint, and has not been spurred on to screen Staten's complaint by his motion. As an experienced litigator, Staten is aware that the court has a number of other matters that require its attention, including a number of lawsuits brought by

other prisoners seeking relief not unlike that sought by Staten. He is encouraged to refrain from filing similar motions in the future. Because the court is now screening his complaint, it denies his motions as moot.

*2.2 Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2     Staten's Allegations*

Staten alleges that between May 2020 and July 2020 defendants Lucinda Buchanan, Gareth Fitzpatrick, Dr. O'Brien, and Dr. Ribault refused to treat his chronic pain in his back, heel, and wrist. (ECF No. 1 at 5-7.) All the defendants worked in Columbia Correctional Institution's health services unit (HSU) at the time. Buchanan was the HSU Supervisor; Fitzpatrick was an assistant HSU supervisor; and Drs. O'Brien and Ribault were the physicians who examined Staten. (*Id.* at 1.) Buchanan allegedly told Staten that she refused to treat his pain because she does not like inmates who assault staff members. (*Id.* at 5.) Fitzpatrick was aware that Staten was in extreme pain and was aware of the inmate complaints Staten filed regarding his lack of treatment yet failed to do anything to address Staten's pain. (*Id.* at 5-6.) Drs. O'Brien and Ribault told Staten that he may need special shoes and physical therapy to treat his pain but never followed through on the recommendations or otherwise treated Staten's pain. (*Id.* at 6-7.)

4

Staten seeks $35,000 in damages from each defendant. (ECF No. 1 at 8.) He also seeks injunctive relief in the form of being sent to the University of Wisconsin Hospital in Madison, Wisconsin for treatment of his pain and for the ability to get shoes from an outside vendor. (*Id.*)

*2.3    Analysis*

Staten alleges that the defendants violated his Eighth Amendment rights. He also states he has claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act. Additionally, he brings claims under Wisconsin state law for negligence and malpractice.

While Staten states he is bringing claims under the ADA and the Rehabilitation Act, he does not include any details or facts that speak to the elements of those claims. While courts are to liberally construe *pro se* plaintiffs' complaints, courts cannot "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Twombly*, 550 U.S. at 570. Staten may not proceed on claims under the ADA or the Rehabilitation Act.

Turning to his Eighth Amendment claims, the Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Such conditions include "grossly inadequate medical care." *Id.* "A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or

5

safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

Staten's allegations include few details despite his complaint being 11 pages long. Regardless, at this stage he sufficiently alleges that all the defendants knew of his pain and deliberately ignored it. He may proceed on Eighth Amendment claims against all defendants.

As to Staten's state law claims, when a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over state law claims that "are so related to claims in the action" over which the court has "original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution." 28 U.S.C. §1367(a). At this stage, it appears that Staten's negligence and medical malpractice state law claims are closely related, so the court will exercise supplemental jurisdiction over those claims.

### 3. Conclusion

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Staten's motion for leave to proceed without prepayment of the filing fee (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Staten's motions to commence screening (ECF Nos. 15, 16) are **DENIED as moot.**

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on

6

defendants Lucinda Buchanan, Gareth Fitzpatrick, Dr. O'Brien, and Dr. Justine Ribault. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Staten shall collect from his institution trust account the $349.07 balance of the filing fee by collecting monthly payments from Staten's prison trust account in an amount equal to 20% of the preceding month's income credited to Staten's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Staten is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Staten is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional

7

Case 2:21-cv-00529-WED   Filed 08/25/21   Page 7 of 9   Document 17

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Staten is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Staten is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Staten's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Staten may find useful in prosecuting his case.

---

Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

8

Dated at Milwaukee, Wisconsin this 25th day of August, 2021.

BY THE COURT

*William E. Duffin*
WILLIAM E. DUFFIN
United States Magistrate Judge