UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESHAUN STATEN,

           Plaintiff,

v.                                          Case No. 21-CV-529

LUCINDA BUCHANAN, *et al.*,

           Defendants.

## DECISION AND ORDER

Plaintiff DeShaun Staten, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Staten was allowed to proceed on a claim against the defendants under the Eighth Amendment for deliberate indifference to his medical needs for ignoring his chronic pain in his wrist, back, and heel. (*See* ECF No. 17.) The defendants filed a motion for partial summary judgment solely on Staten's claim pertaining to his heel pain, contending that he failed to exhaust his administrative remedies before filing this lawsuit. (ECF No. 32.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 14, 20.) The motion is fully briefed and ready for a decision.

### SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Prison Litigation Reform Act states in part that "[n]o action shall be

2

brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

The Inmate Complaint Review System (ICRS) is the main process an inmate must use to bring a grievance to the attention of the institution at which he is confined. Wis. Admin Code § DOC 310.04. An inmate must file a complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner (ICE) may either accept, reject, or return the complaint. Wis. Admin. Code § DOC

3

310.10(2). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements, Wis. Admin. Code § DOC 310.10(5), including the requirement that an inmate attempt to resolve an issue "by following the designated process specific to the subject of the complaint. The ICE may request inmates to provide evidence of having followed the specified process". Wis. Admin. Code § DOC 310.07(1). An inmate has 10 days to correct the deficiencies. Wis. Admin. Code § DOC 310.10(5).

Once the complaint examiner accepts the complaint, the complaint examiner makes a recommendation to the reviewing authority. Wis. Admin. Code § DOC 310.10(12). The reviewing authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the Corrections Complaint Examiner (CCE). Wis. Admin. Code § DOC 310.12(1). Appeals may not exceed 500 words and may not exceed two pages. Wis. Admin. Code § DOC 310.09(2)(e).

The CCE then has 45 days in which to make a recommendation to the Secretary of the Department of Corrections (DOC) or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The CCE "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days to make a decision following receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). If an

4

inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the CCE's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*Staten's Claims*

Staten was allowed to proceed on an Eighth Amendment claim against all defendants because they refused to treat his chronic pain in his back, wrist, and heel. Staten states that the defendants were aware he was in extreme pain. Defendant Lucinda Buchanan refused to treat him because of his history of assaulting prison staff members. Although defendants Drs. Ellen O'Brien and Justine Ribault determined that Staten may need special shoes and physical therapy, they never followed through with the recommendations. (*See* ECF No. 17 at 4.)

*Staten's Attempts to Exhaust His Administrative Remedies*

The defendants move for summary judgment on exhaustion grounds as to Staten's complaint about heel pain. It is undisputed that Staten filed only one inmate complaint discussing his heel pain, CCI-2020-16248, which was received by the complaint examiner on September 21, 2020. (ECF No. 31, ¶ 6.)

On October 27, 2020, the complaint examiner recommended dismissal of Staten's complaint because he did not provide proof that he attempted to informally resolve the lack of medical care for his heel pain. (ECF No. 35-2 at 2-3.) It appears that at some point during the complaint examiner's review of Staten's complaint Staten "was directed to supply information related to his complaint" but "failed to

5

do so." (*Id.* at 2.) Specifically, Staten did not provide sufficient evidence that he submitted a Health Services Request (HSR). (*Id.*) The complaint examiner noted that Staten provided a carbon copy of an HSR, but it lacked a time stamp, signature, or notes from the Health Services Unit (HSU), suggesting that HSU never received the HSR from Staten. (*Id.*) Thus, the HSR was inadequate proof that Staten attempted to informally resolve his problem with his heel before filing an inmate complaint. (*Id.*)

On November 11, 2020, the reviewing authority accepted the complaint examiner's recommendation that Staten's complaint be dismissed, noting that she agreed with the examiner's finding of inadequate proof that Staten attempted to informally resolve the problem with his heel. (ECF No. 35-2 at 4.) The reviewing authority also noted that Staten "has seen Pt [Physical Therapist] and evaluated by MD without substantial findings to treat." (*Id.*)

Staten appealed the reviewing authority's dismissal to the CCE, stating that the complaint examiner did not investigate his complaint. (ECF No. 35-2 at 18.) The CCE received the appeal on December 11, 2020. (*Id.*) The CCE recommended that the inmate complaint be returned to the complaint examiner for a "prioritized investigation" into Staten's claim that his heel pain was not treated. (*Id.* at 6.) Specifically, the CCE directed that the complaint examiner review evidence related to whether a physical therapy appointment was scheduled and investigate the potential reasons why health care appointments were rescheduled. (*Id.*) On

6

December 16, 2020, the Office of the Secretary adopted the CCE's recommendation. (*Id.* at 7.)

The complaint examiner then conducted an investigation into the substance of Staten's complaint, and on January 27, 2021, recommended dismissal. (ECF No. 35-2 at 9.) The examiner found that Staten was referred for a physical therapy evaluation on June 12, 2020, but due to the COVID-19 pandemic the scheduling of all physical therapy appointments were delayed across the institution, including Staten's. (*Id.*) The examiner noted that the institution hired an additional physical therapist to help relieve the backlog. (*Id.*) Therefore, the delay was not a result of deliberate indifference. (*Id.*)

On February 10, 2020, the reviewing authority accepted the examiner's recommendation on the substantive investigation of Staten's inmate complaint about his heel pain. (ECF No. 35-2 at 10.) Staten was notified that, if he was dissatisfied with the decision, he could appeal the decision within 14 days of the date of the decision. (*Id.*) The defendants state there is no record of Staten appealing the examiner's decision on the substance of his complaint. (ECF No. 34, ¶ 13.)

Staten asserts the "defendants are just lying to the courts because their [*sic*] are inmate complaint records of plaintiff doing a first step inmate complaint [and] a second step inmate complaint appeal to the office of the secretary." (ECF No. 38 at 1.) Staten attaches a copy of the relevant parts of inmate complaint CCI-2020-

16249—the December 16, 2020, decision by the Secretary of the DOC. (ECF No. 39-1 at 2.)

He also attaches a partial copy of inmate complaint CCI-2020-11673, which alleges that the defendants were refusing to treat his wrist and back pain. (ECF No. 39-1 at 5-10.) Staten states that this proves that he fully exhausted his administrative remedies on his claim that the defendants' failed to treat his heel pain. (ECF No. 38 at 1.)

*Analysis*

The Court of Appeals for the Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018).

It is undisputed that Staten appealed CCI-2020-16249 to the CCE as required when his complaint was dismissed on the ground that he had failed to demonstrate that he attempted to informally resolve the dispute about his heel by submitting an HSR. And Staten won that appeal. On December 16, 2020, the Secretary of the DOC ordered that the complaint examiner conduct a substantive

8

investigation into Staten's complaint that the defendants failed to treat his heel pain.

The December 16, 2020, decision, then, is not the final decision from the Secretary on the issue of Staten's heel pain. In ordering the complaint examiner to conduct a substantive investigation into Staten's heel complaint, the Secretary reset the inmate complaint process. When the reviewing authority subsequently adopted the complaint examiner's recommendation to dismiss Staten's inmate complaint based on a finding that the delays in scheduling Staten's physical therapy appointments were caused by staffing issues related to COVID and not by deliberate indifference, Staten was required to appeal that dismissal to fully exhaust his administrative remedies. Indeed, he was put on notice that an appeal was required if he was dissatisfied with the reviewing authority's conclusion.

As for inmate complaint CCI-2020-11673, it does not demonstrate that Staten fully exhausted his administrative remedies *as it pertains to his heel pain.* That complaint does not mention the defendants' alleged failure to treat Staten's heel pain. It discusses only their failure to treat his back and wrist pain.

Summary judgment, then, is granted in the defendants' favor on the claim related to Staten's heel pain. Staten may still proceed on his claims that the defendants violated the Eighth Amendment through their deliberate indifference to his back and wrist pain.

9

## CONCLUSION

No genuine issue of material fact exists as to whether, before he filed this lawsuit, Staten failed to exhaust his administrative remedies for his claim that the defendants violated the Eighth Amendment by their deliberate indifference to his heel pain. Therefore, the defendants' motion for partial summary judgment is granted and Staten's Eighth Amendment claim for deliberate indifference related to his heel is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for partial summary judgment (ECF No. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Eighth Amendment deliberate indifference claim related to Staten's heel is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the court will issue an amended scheduling order resetting the discovery and dispositive motion deadlines at a later date.

Dated at Milwaukee, Wisconsin this 14th day of June, 2022.

BY THE COURT

WILLIAM E. DUFFIN  
United States Magistrate Judge